STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JACOB
ROSENTHAL, PLAINTIFF IN ERROR.

Submitted December 4, 1913—Decided February 25, 1914.

1. Where a list of jurors to be struck under section 76, Criminal
   Procedure act (*Comp. Stat.*, *p.* 1845), and which was served
   upon the defendant, contained mistakes in the addresses of two
   of them and in the spelling of the name of one of the two, the
   error was harmless to defendant, who did not object at the time
   the jury was struck, and was subsequently, at the trial, allowed
   to challenge the jurors for cause on that ground.
2. The fact that such a list contained the name of a deceased per-
   son is not prejudicial to accused, his rights being protected where
   he has a trial before an impartial jury. *State* v. *Brown,* 36
   *Vroom* 666, is controlling.
3. Where, in a prosecution for keeping and maintaining a dis-
   orderly house, the judge instructed the jury that if the acts com-
   plained of did not occur, or if the defendant did not control the
   place nor have the power to control it, permit the acts com-
   plained of, they should acquit the defendant, a digression from
   the issue, by the court, to animadvert on the negligent conduct
   of landlords in letting houses to questionable tenants, and on
   the laxity of public officials for failing to suppress disorderly
   houses, was not in violation of any legal rule. ·

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KALISCH.

For the plaintiff in error, *John E. Helm, Mathew J. Ready*
and *Lefferts & Lefferts.*

For the state, *Louis Hood* and *Andrew Van Blarcom.*

The opinion of the court was delivered by

KALISCH, J.   The plaintiff in error was convicted, in the
Essex Quarter Sessions, for maintaining a disorderly house in
Newark. The first point urged by his counsel in the brief is
that under section 76 of the Criminal Procedure act (*Comp.*

*Stat., p.* 1845) the court was required to select from the persons qualified to serve as jurors in the county where the indictment was found sixty names, with the places of their abode, from which the prosecutor and defendant shall each strike twelve names and the remaining thirty-six shall be placed in the box and from the names so placed the jury shall be drawn, and that these requirements were not rigidly adhered to, in that in the list of names to serve as struck jurors, served on defendant, the name of one John N. Wittpen was given as John N. Wittgren, and his place of abode at No. 679 Highland avenue, Newark, whereas he resided at No. 222 Grafton avenue, Newark, and the place of abode of one John Sutton was given as at No. 16 James street, Newark, whereas he resided at 136 Third avenue, Newark, and also that one of the names was that of a person deceased. No objection was made to the list at the time the jury was struck. Counsel of the state and of the defendant appeared before the judge and each struck off twelve names. The proper time to have made objections to the list of names as served was at the time when the jury was struck. It is argued that the plaintiff in error was deprived of a right, but of what right has not been made clear to us. For it appears that at the trial after the plaintiff in error had exhausted his challenges, he was permitted by the court, with consent of counsel of the state, to challenge for cause both jurors who had been wrongly described in the list. We are unable, therefore, to perceive in what manner the plaintiff was injured by the misdescription of the two jurors. From an examination of the jurors, on the challenge for cause, it appeared that they had formerly lived at the addresses given in the list, and therefore there is good reason for the belief that if the plaintiff in error had made proper inquiries he could readily have ascertained their true places of residence. By requiring the place of abode to be given, it was evidently the intention of the legislature to give the parties to a litigation, whether criminal or civil, an opportunity to explore the quality and character of the men selected, and to know from what neighborhood they are summoned. It was not made to appear that the plaintiff in error was in anywise misled by the

wrong addresses of the two jurors, together with the misspelling of the name of one of them, as to who were intended, and therefore he reaped more than he was entitled to when his challenges for cause were allowed.

Whether or not the statute is complied with by stating in the list of names served as the places of abode to simply give the city or township, without designating street and number, is not before us. Nor does the circumstance that the list contained the name of a dead person vitiate it. What the plaintiff in error was entitled to was a trial by an impartial jury, and this could not be affected by the fact that one or more of the persons contained in the list was or were dead so long as there was a sufficient number left from which an impartial jury could be drawn. In *State* v. *Brown,* 33 *Vroom* 666, eleven of the jurors on the struck panel were returned not found, two were prevented from attending by reason of illness and three were absent. A motion to quash the panel by defendant's counsel was denied. On *p.* 691, Mr. Justice Depue said : "It is not within the power of the sheriff in summoning the jury to deprive the parties of the mode of trial prescribed by the statute, nor is it necessary that the whole number of jurors specified in the panel should be present when the case is called for trial." ·

The objection to the panel was properly overruled.

The only other ground relied on by the plaintiff in error in the brief is stated to be that the court in charging the jury clearly indicated the condition of his mind with reference to the innocence or guilt of the defendant. That the court in the charge gave the impression of a presumption of guilt.

This states no legal ground for the reversal of the judgment. The part of the charge aimed at by counsel of plaintiff in error is in the nature of strictures on the negligent conduct of landlords, generally, in letting houses to questionable tenants, and on the laxity of public officials who have authority to suppress disorderly houses and fail to do so. This digression of the judge from the issue being tried was not in violation of any rule of law. He had prior thereto told the jury that if the acts complained of did not occur, or if the defend-

ant did not control the place, nor have the power to control it, nor did not, having the power to prevent it, permit the acts complained of, they should acquit the defendant. He also told the jury that the defendant was presumed to be innocent until he was proven guilty beyond a reasonable doubt.

Finding no error in either of the two points presented by the plaintiff in error the judgment will be affirmed.